## Chapeze v. Hathaway.

(Decided May 2, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Trial—Continuance—Absence of Attorney.—It is not error to re-fuse to grant a continuance on the ground of the unavoidable absence of an attorney who is not an attorney of record, when the defendant is himself an attorney, and is represented by his part-ner and by another competent attorney.

2. Evidence—Written Contract—Parol Testimony—Issue.—Oral evidence of the terms of a written contract, even if otherwise admissible, is not admissible on an issue which is not only not

tendered by the pleadings, but is directly contrary to the facts admitted by the pleadings.

3. Instructions—Peremptory.—Where plaintiff establishes his right to recover by evidence that is not disputed, and there is no issue for the jury, a peremptory instruction in favor of plaintiff is proper.

CHARLES CARROLL for appellant.

BURTON VANCE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

One Maude Lee, employed Ben A. Chapeze and Thomas Cochran, attorneys of the Bullitt County bar, to institute for her an action for personal injuries against the Louisville & Nashville Railroad Company. Chapeze and Cochran employed E. C. Waide, another attorney of the same bar, to assist them in the prosecution of the action, and agreed to pay him for his services one-fifth of their fee. Chapeze and Cochran also employed Waide to assist them in certain other cases which it is not necessary to discuss. Waide, being in need of money, applied to Chapeze to advance him some money on his prospective fee in the case of Maude Lee v. Louisville & Nashville Railroad Company, and in the other cases in which he had been employed. It not being convenient for Chapeze to do this, Chapeze applied to Mrs. S. P. Hathaway to furnish Waide the money. Mrs. Hathaway, as agent for her son, Milton S. Hathaway, let Waide have the sum of $600, and took from him an assignment of his fee in the case of Maude Lee v. Louisville & Nashville Railroad Company, and of his fees in the other cases in which he was employed. Chapeze, himself, prepared the assignments. Payment of the fees having been refused, plaintiff, Milton S. Hathaway, brought this action against Ben A. Chapeze, Thomas Cochran and others to recover on the assignment of the fee in the case of Maude Lee v. Louisville & Nashville Railroad Company. A trial resulted in a verdict and judgment in favor of plaintiff against Chapeze and Cochran for the sum of $345. Chapeze appeals.

(1) The first ground urged for a reversal is the refusal of the trial court to grant appellant a continuance on account of the absence of his attorney, Charles Carroll. The affidavit for continuance states that appellant

had employed Carroll to represent him on the trial, and had consulted with him and was depending entirely upon him to properly present his defense; that at the time of the trial Charles Carroll was engaged in the trial of a case in the Oldham Circuit Court, and could not attend. Appellant did not learn until late in the afternoon before the case was called for trial that Carroll could not be present at the trial. He thereupon made diligent effort to obtain other counsel and familiarize them with the case, but was unable to do so. The affidavit further states that Carroll's absence was unavoidable, and that appellant could not proceed with the trial without his presence. This affidavit was filed on June 4, 1912. The court refused to grant the continuance, and entered into the trial of the case on the next day, June 5th. Had Mr. Carroll been appellant's only counsel of record, and had appellant relied upon him entirely for the preparation of the pleadings and the conduct of the trial, there might be some reason for holding that the trial court erred in forcing appellant into trial when Mr. Carroll was unavoidably absent. The record in this case, however, does not show that Mr. Carroll was an attorney of record. On the contrary, the pleadings on behalf of appellant, who is an attorney himself, were prepared by him and his partner, Mr. Crawford. As a matter of fact, Mr. Crawford, a competent attorney, was present and took part in the conduct of the defense. Judge William McKee Duncan, another competent attorney, was also present and assisted in the defense. Under these circumstances, the refusal of the trial court to grant the continuance was not error.

(2) It is next insisted that the court erred in rejecting certain evidence offered by appellant. It developed on the trial that the written contract between Maude Lee and Chapeze and Cochran, fixing their fee in the action for personal injuries, was not in possession of appellant, but was in the possession of Thomas Cochran, who had failed to appear at the trial. Appellant offered to prove by himself and other witnesses that the contract provided that appellant and Cochran were to receive a fee equal to 50 per cent of the amount of the recovery, less the extraordinary expenses incurred on the trial, and that these extraordinary expenses amounted to $1,000. The undisputed evidence shows that on the first trial of the case of Maude Lee v. Louisville & Nashville Railroad Company, there was a verdict and judgment in favor of

Maude Lee for $5,000. On the return of the case it was compromised by the payment to Chapeze and Cochran of the sum of $3,474.15 and costs. The petition in this case contained the following allegation:

"That said Maude Lee employed the defendants Benjamin Chapeze and Thomas Cochran as her attorneys to institute and prosecute said action, and by written contract with said defendants, signed and delivered to her by them, agreed and promised to pay them for their services in that behalf to be rendered an amount of money equal to one half of whatever sum was recovered to her on said claim either by suit, compromise or otherwise."

The foregoing allegation was not denied. It being admitted, therefore, that Chapeze and Cochran were to receive as their fee for their services an amount of money equal to one-half of whatever sum was recovered, either by suit, compromise or otherwise, and it appearing by uncontroverted evidence that the sum of $3,474.15, besides her costs, was actually recovered by Maude Lee and actually paid to her attorneys, the pleadings tendered no issue on the question of extraordinary expenses incurred in the preparation and conduct of the trial. Even if the case were one where oral evidence of the contents of the written contract was admissible, such evidence would not be admissible for the purpose of establishing an issue which was not only not tendered by the pleadings but was directly contrary to the facts admitted by the pleadings.

(3) Lastly it is insisted that the trial court erred in directing a verdict in favor of plaintiff. Several witnesses testified that Waide's fee was to be one-fifth of Chapeze's and Cochran's fee. Chapeze testified that he did not remember what per cent of his and Cochran's fee Waide was to receive, but that Waide was to get a certain percent of it. That being true, there was no evidence tending to show that Waide was to receive less than one-fifth. Furthermore, there is no dispute as to the fact that Waide rendered the services contemplated by his contract of employment. It being admitted that he was to receive one-fifth of whatever Chapeze and Cochran got, and it being admitted by the pleadings that Chapeze and Cochran were to receive an amount equal to 50 per cent of the recovery, and there being no dispute as to the amount of the recovery and the sum actually paid Chapeze and Cochran, there was no issue to submit to the

jury. The court, therefore, properly directed a verdict in favor of plaintiff.

Judgment affirmed.